**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**CUSTOM CHAIR MANUFACTURING
CO., Respondent.**

No. 24452.

United States Court of Appeals,
Ninth Circuit.

March 11, 1970.

Ian Lanoff, Washington, D. C. (argued), Marcel Mallet Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Ralph E. Kennedy, Director N.L. R.B., Los Angeles, Cal., for appellant.

David Ostrove (argued), Los Angeles, Cal., Brundage & Hackler, Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

Before us is an application of the National Labor Relations Board pursuant to section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(e) (1964), for enforcement of its order against Custom Chair Manufacturing Company (herein "Company") on March 19, 1968. 170 NLRB No. 62 (R. 73–74). We have jurisdiction since the labor practices in question occurred in Gardena, California.

The Board's decision and order affirmed and modified the rulings made by the Trial Examiner on December 11, 1967. The examiner found that the Company had engaged in certain unfair labor practices.

The Company's sole argument in opposition to the order is that " * * * said Order was entered by the National Labor Relations Board on hearsay and inferences, it was not based on substantial evidence. In this connection, [the Company] alleges that there is no substantial evidence in the record to sustain the findings." (R. 77–78.) The parties are thus in agreement that if the evidence supports the Board's factual findings, the Board's legal conclusions are sound.

It is well established that this court does not sit to judge the credibility of witnesses or to overturn

" * * * the Board's choice between two fairly conflicting views although this court might justifiably make a different choice were the matter before it de novo." (NLRB v. Stanislaus Im-

* Hon. William M. Byrne, Senior Judge, United States District Court, Central District of California, sitting by designation.

plement & Hardware Co., 226 F.2d 377, 381 (9th Cir. 1955); *accord*, NLRB v. Luisi Trunk Lines, 384 F.2d 842, 846 (9th Cir. 1967).)

Board factual findings should not be disturbed unless a clear preponderance of all the relevant evidence convinces us that they are incorrect. *Id.*

██ From a thorough examination of the record, including the transcripts of all testimony before the examiner, we have concluded that while some of the evidence is "thin", the factual inferences drawn by the Board were reasonable, and that if there was any hearsay testimony in any way relied upon, it was sufficiently corroborated ("by more than a mere scintilla of evidence") to reasonably justify the Board's conclusion that substantial evidence existed. *See generally* Willapoint Oysters v. Ewing, 174 F.2d 676, 690–691 (9th Cir.), cert. denied, 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527 (1949); Boyle's Famous Corned Beef Co. v. NLRB, 400 F.2d 154, 170 (8th Cir. 1968).

This Application for Enforcement of the Order of The National Labor Relations Board is granted.